## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br>City Crescent Building, 3rd Floor<br>10 South Howard Street<br>Baltimore, MD 21201 )<br><br>      **Plaintiff,** )<br><br>**v.** )<br><br>**FREEMAN,**<br>1600 Viceroy, Suite 100<br>Dallas, TX 75235 )<br><br>      **Defendant.** ) | **Case No.**<br><br>**COMPLAINT** |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, to correct unlawful employment practices on the basis of race, national origin and sex and to provide appropriate relief to a class of aggrieved Black, Hispanic, and male job applicants who were adversely affected by such practices. As alleged with greater particularity in Paragraphs 7-11, below, the U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") alleges that since at least February 2001, the Defendant Freeman (also known as TFC Holding Co.) has engaged in an on-going, nationwide pattern or practice of race, national origin, and sex discrimination against Black, Hispanic, and male job applicants in violation of Title VII.

### JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and

(3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 2000e-6 ("Title VII").

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Southern Division, and throughout the United States.

PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 2000e-6.

4.      At all relevant times, Defendant Freeman ("Defendant") has continuously been doing business in Prince George's County, Maryland, as well as in other jurisdictions, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Charging Party Katrina Vaughn filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least February 2001, Defendant has engaged in unlawful employment practices at its facilities throughout the United States in violation of Sections 703(a)(1), (a)(2), and (k) of Title VII, 42 U.S.C. § 2000e-2(a)(1), (a)(2) and (k).

8.      Since at least February 2001, Defendant has subjected a class of aggrieved Black job applicants throughout the United States to an ongoing pattern or practice of discriminatory failure to hire such persons because of their race, Black, in violation of Title VII.  In this regard, Defendant has used, and continues to use, a selection criterion for hiring, namely, credit history information, that has had, and continues to have, a significant disparate impact on Black job applicants, is not job-related and consistent with business necessity, and for which there are appropriate, less-discriminatory alternative selection procedures.

9.      Since at least February 2001, Defendant has subjected a class of aggrieved Black job applicants throughout the United States to an ongoing pattern or practice of discriminatory failure to hire such persons because of their race, Black, in violation of Title VII.  In this regard, Defendant has used, and continues to use, a selection criterion for hiring, namely, criminal justice history information, that has had, and continues to have, a significant disparate impact on Black job applicants, is not job-related and consistent with business necessity, and for which there are appropriate, less-discriminatory alternative selection procedures.

10.     Since at least February 2001, Defendant has subjected a class of aggrieved Hispanic job applicants throughout the United States to an ongoing pattern or practice of discriminatory failure to hire such persons because of their national origin, Hispanic, in violation of Title VII.  In this regard, Defendant has used, and continues to use, a selection criterion for hiring, namely, criminal justice history information, that has had, and

3

continues to have, a significant disparate impact on Hispanic job applicants, is not job-related and consistent with business necessity, and for which there are appropriate, less-discriminatory alternative selection procedures.

11.    Since at least February 2001, Defendant has subjected a class of aggrieved male job applicants throughout the United States to an ongoing pattern or practice of discriminatory failure to hire such persons because of their sex, male, in violation of Title VII. In this regard, Defendant has used, and continues to use, a selection criterion for hiring, namely, criminal justice history information, that has had, and continues to have, a significant disparate impact on male job applicants, is not job-related and consistent with business necessity, and for which there are appropriate, less-discriminatory alternative selection procedures.

12.    The effect of the practices complained of in paragraphs 7-11, above, has been to deprive a class of Black, Hispanic, and male job applicants of equal employment opportunities and otherwise adversely affect their status as applicants because of their race, national origin, and sex.

13.    The unlawful employment practices complained of in paragraphs 7-11, above, are part of a continuing course of race, national origin, and sex discrimination perpetrated against Black, Hispanic, and male job applicants by Defendant that has persisted since at least February 2001.

14.    The unlawful employment practices complained of in paragraphs 7-11, above, were and are intentional.

4

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in race, national origin, and sex discrimination, including discriminatory denial of hire, use of selection criteria with significant disparate impact on Black, Hispanic, and/or male job applicants that are not job-related and consistent with business necessity or for which there less-discriminatory alternatives, and any other employment practice which discriminates on the basis of race, national origin, or sex.

B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Black, Hispanic and male persons, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant to make whole a class of aggrieved Black job applicants (and deterred applicants) by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to instatement and front pay in lieu thereof.

D.    Order Defendant to make whole a class of aggrieved Hispanic job applicants (and deterred applicants) by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to instatement and front pay in lieu thereof.

E.    Order Defendant to make whole a class of aggrieved male job applicants (and deterred applicants) by providing appropriate back pay with prejudgment interest, in

5

amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to instatement and front pay in lieu thereof.

F.     Grant such further relief as the Court deems necessary and proper in the public interest.

G.     Award the Commission its costs of this action.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE (Bar No. 04312)
Acting Regional Attorney
EEOC-Philadelphia District Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
Telephone number: (410) 209-2734
Facsimile number: (410) 962-4270

RONALD L. PHILLIPS
Senior Trial Attorney
EEOC-Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
Telephone number: (410) 209-2737
Facsimile number: (410) 962-4270