UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>FREEMAN,<br><br>Defendant. | Case No. 8:09-CV-02573-RWT |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Pursuant to FED. R. CIV. P. 12(b)(6), Defendant Freeman has moved to dismiss all claims in this lawsuit that relate to hiring decisions made more than 300 days before the filing of the administrative charge on which this case is based – specifically, all claims relating to decisions made prior to March 23, 2007. Challenges to hiring decisions made before that date are time-barred.

**I.    STATEMENT OF FACTS**

EEOC brings this action under Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5(f) (1) and (3) and 2000e-6. Complaint ¶ 1. EEOC alleges that since February 2001, Freeman has engaged in a "pattern or practice" of discrimination against a class of African-American job applicants by using poor credit history as a hiring criterion. *Id.* ¶ 8. It further alleges that since February 2001, Freeman has engaged in a "pattern or practice" of discrimination against a class of African-American, Hispanic, and male job applicants by using criminal history as a hiring criterion. *Id.* ¶¶ 9-11. EEOC asserts that these practices are unlawful because (1) the hiring

criteria in question allegedly have a significant disparate impact on male, African-American, and Hispanic applicants in the case of criminal history, and African-American applicants in the case of poor credit history and (2) the hiring criteria allegedly are not job-related and consistent with business necessity. *Id.* ¶¶ 8-11.

EEOC asks that Freeman be enjoined from using any credit history or criminal history information when hiring employees. *Id.* p. 5. It also seeks "make whole" relief for members of the classes of individuals who allegedly have been discriminated against by these practices. *Id.* pp. 5-6. EEOC challenges alleged discrimination dating back to February 2001 – a period of almost nine years. *Id.* ¶¶ 7-11.

EEOC alleges that all conditions precedent to the institution of this lawsuit have been met. *Id.* ¶ 6. One such precondition is the filing of a proper charge of discrimination. *EEOC v. American National Bank*, 652 F.2d 1176 (4th Cir. 1981). EEOC states that Katrina Vaughn filed a charge of discrimination asserting violations of Title VII by Freeman. Complaint ¶ 6. Ms. Vaughn's charge alleges that Freeman rejected her for employment based on information about her credit history. *See* EEOC charge of Katrina Vaughn, Exhibit 1 hereto. It is clear from the face of Ms. Vaughn's charge that she filed it with the EEOC on January 17, 2008. *Id.*[1]

---

[1] Although EEOC does not identify the date of the charge in its Complaint, a Motion to Dismiss pursuant to Rule 12(b)(6) FRCP can be based on facts that appear on the face of documents referenced in the Complaint. *Tellabs, Inc. v. Makor Issues & Rights*, 551 U.S. 308, 322 (2007); *Matrix Capital Management Fund LP v. BearingPoint*, 576 F.3d 172, 176 (4th Cir. 2009). Moreover, a charge of discrimination is sufficiently central to a Title VII lawsuit that it can be considered on a motion to dismiss. *See Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 802-03 (8th Cir. 2002); *Zelaya v. UNICCO Services*, 587 F. Supp.2d 277, 282 (D.D.C. 2008).

## II. ARGUMENT

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). Dismissal is also appropriate when the complaint clearly reveals the existence of a meritorious affirmative defense, including a statute of limitations defense. *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996). This is such a case.

The limitations period for an action filed under Title VII extends back 180 days from the date the underlying charge is filed. 42 U.S.C. § 2000e-5(e)(1), § 2000e-6(e). This period is extended to 300 days where, as here, "state law proscribes the alleged employment practice and the charge has initially been filed with a state deferral agency." *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 439 (4th Cir. 1998) (citing 42 U.S.C. § 2000e-5(e)(1)). Because Ms. Vaughn filed the charge on which EEOC's case against Freeman is predicated on January 17, 2008, the limitations period for this matter began on March 23, 2007.

Except for claims of harassment, employment actions that occurred prior to the commencement of Title VII's limitation period are not actionable. *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). This is true even where the plaintiff makes a timely challenge to one or more employment actions within the limitations period and also challenges earlier actions from outside that period on the theory that the employer is engaged in a "continuing violation." In *Morgan*, the plaintiff challenged as racially discriminatory a series of discrete employment actions – including discipline, denial of training, and termination – which he alleged constituted a continuing violation. The Court held that only those adverse actions that occurred 300 days or less before he filed his charge were actionable. *Id.* at 114. It reasoned that each failure to hire, failure to promote, or discharge occurs on the day that it

happens, and that a series of these discrete acts cannot be converted into a single "practice" for statute of limitations purposes merely because they may be related. *Id.* at 110-11.

*Morgan* did not decide whether the rule barring challenges to discrete employment decisions that fall outside the limitations period applies to "pattern or practice" cases. *Id.* at n.9. However, there is no sound reason why the rule should not apply to these cases, and in *Williams v. Giant Food Inc.*, 370 F.3d 423 (4th Cir. 2004), the Fourth Circuit held that it does. Plaintiff alleged that the employment decisions she challenged – mainly a series of failures to promote – were part of a 20-year pattern or practice of discrimination. She contended that the limitations period should therefore be extended to encompass all adverse decisions made pursuant to the alleged pattern or practice.

The Fourth Circuit rejected this argument. Citing *Bazemore v. Friday*, 478 U.S. 385 (1986), the Court found that even when discriminatory decisions are made pursuant to a discriminatory policy that constitutes a pattern or practice of discrimination, the discrimination still manifests itself in "discrete discriminatory acts." 370 F.3d at 429. Thus, the court concluded that the holding of *Morgan* – that discrete employment decisions made outside the limitations period cannot be rendered actionable on a "continuing violation" theory – applies to cases in which "such discrete acts occurred as part of a policy of discrimination." *Id.* It therefore held that "even if Williams is correct that Giant Food's failures to promote her during the applicable limitations period were part of a broader pattern or practice of discrimination, those failures to promote remain discrete acts of discrimination," each of which must be challenged within its limitations period, or not at all. *Id.*

*Williams* relied in part on the post-*Morgan* case of *Davidson v. America Online, Inc.*, 337 F.3d 1179 (10th Cir. 2003). There, the employer admitted to a practice of excluding deaf applicants from consideration for certain positions. The plaintiff had been rejected pursuant to this rule twice, once

within the limitations period and once outside of it. He argued that since both refusals to hire stemmed from the same ongoing discriminatory rule, he should be permitted to challenge both. The court rejected this argument as inconsistent with *Morgan's* holding that each discrete refusal to hire is a separate actionable unlawful employment practice that "starts a new clock for filing a charge alleging that act." *Id.* at 1184 (quoting *Morgan*, 536 U.S. at 113).

Here, EEOC challenges a series of decisions not to hire various job applicants because of their credit or criminal history. As in *Davidson*, each discrete refusal to hire is a separate actionable employment action that starts a new clock for filing a charge of discrimination relating to that act. As in *Davidson*, the fact that these discrete refusals to hire flowed from application of an employment rule does not change the result. It follows that only those refusal to hire that occurred within 300 days of Vaughn's EEOC charge – i.e., March 23, 2007 – are actionable in this litigation.

EEOC may argue that the rule barring stale claims in "continuing violation" cases, including those involving a "pattern or practice," applies only to private litigants, not to EEOC. Such an argument would be illogical, arbitrary, and contrary to the weight of the case law.

The EEOC charge-filing deadline "protects employers from the burden of defending claims arising from employment decisions that are long past." *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 550 U.S. 618, 630 (2007) (quoting *Delaware State College v. Ricks*, 449 U.S. 250, 256-57 (1980)). That interest applies with equal force whether the plaintiff is a private party or the government. If EEOC were unencumbered by the statute of limitations, and thus free to challenge and obtain relief for decisions made decades ago, employers would lack the protection the Supreme Court has said is afforded them by the charge-filing deadline.

To be sure, EEOC is different from a private litigant by virtue of its role as enforcer of the public interest in eradicating discrimination. But EEOC "serves that role primarily through its ability to secure injunctive relief," not by "bootstrapping" stale private individual damages claims into its enforcement actions. *EEOC v. Burlington Medical Supplies, Inc.*, 536 F. Supp. 2d 647, 659 (E.D. Va. 2008). Thus, public policy does not militate in favor of permitting EEOC to pursue untimely claims that private parties cannot litigate. Rather, it favors granting repose to employers in these circumstances, as Congress clearly contemplated.

The case law supports this view. In *Burlington Medical Supplies*, EEOC brought a claim of sexual harassment and hostile work environment discrimination on behalf of the charging party and all similarly situated females. The defendant argued that EEOC could not recover on behalf of those females whose allegations involve conduct that occurred more than 300 days prior to the date when the charging party filed her charge. EEOC countered that no statute of limitations should limit recovery for any member of the class.

The district court rejected EEOC's position. It reasoned that "accepting the EEOC's argument would contravene the text of the statute and frustrate the legislative policies behind Title VII." *Id.* at 659. The court noted that Section 707 of Title VII provides that all pattern or practice actions "shall be conducted in accordance with the procedures set forth in [Section 706]." *Id.* Since rules regarding statutes of limitations are "paradigmatic procedures," the court found it clear that the limitations period proscribed in Section 706 also applies to pattern or practice cases. *Id.*

For the reasons cited above, the court also rejected EEOC's contention that its statutory mandate to represent the public interest entitles it to expand substantive rights by reviving ancient claims that

otherwise would not be actionable under Title VII. *Id.* at 659. It therefore held that only those class members who experienced injury within the 300-day limitations are entitled to individual relief.[2]

*Burlington* relied, in part, on *EEOC v. Optical Cable Corp.*, 169 F. Supp. 2d 539 (W.D. Va. 2001), another EEOC pattern or practice case where EEOC was held to the normal statute of limitations rules. This was a case alleging a pattern or practice of race and sex discrimination based on the virtual exclusion from employment of African-Americans and the disproportionate placement of women in low-paying jobs. Relying on the plain language of Title VII, under which the limitations period of Section 706 is expressly made applicable to Section 707, the court held that relief was not available to African-American and females who were denied employment or otherwise discriminated against outside of that limitations period.[3]

The court reached the same result in *EEOC v. Custom Companies, Inc.*, Nos. 02 C 3768, 03 C 2293, 2004 WL 765891 (N.D. Ill. Apr. 7, 2004), a pattern or practice sex harassment case brought by EEOC. The court concluded that the class of alleged victims for whom EEOC was seeking relief could

---

[2] The court reached this decision even though *Burlington* was a sex harassment case. In *Morgan*, the Supreme Court carved out harassment as the one violation of Title VII where a plaintiff can challenge acts that occurred outside the limitations period. It did so because such harassment typically does not consist of a discrete act, but rather the accumulation of acts. Nonetheless, *Burlington* makes it clear that, while a party who timely challenges at least one act that is part of a pattern of harassment can recover based on earlier acts, a party who experienced no acts of harassment within the limitations period cannot recover.

[3] In *Optical Cable Corp.*, the court concluded that the limitations period for the claims of "class members" runs not from the date when the charge was filed, but from the later date when EEOC notified the employer that it was expanding the scope of its investigation of the charge to include "class" claims. Here, EEOC did not notify Freeman that it was expanding its investigation until September 25, 2008. Freeman takes the position that the statute of limitations bars EEOC from seeking relief for decisions made more than 300 days before it received this notice, *i.e*, November 30, 2007. *See* Defendant's Answer, Sixth Defense. However, the date on which EEOC notified Freeman of its expanded investigation does not appear in the Complaint or documents referred to in the Complaint. Accordingly, Freeman does not make this argument on Motion to Dismiss.

not include employees who were not exposed to any discriminatory acts during the charge-filing period. 2004 WL 765891 at *10. It relied on the plain language of Section 707 which, as noted, specifies that "all such [Section 707] actions shall be conducted in accordance with the procedures set forth in [Section 706]." *Id.* at *8. The court rejected EEOC's contention that its role as enforcer of the public interest exempts it from the statute of limitations, emphasizing that barring stale claims would not thwart this role, which is carried out primarily through injunctive relief, not individual monetary awards. *Id.* at *10-11.

In reaching this result, the court rejected the reasoning and result of *EEOC v. Dial Corp.*, No. Civ. A.99 C 3356, 2002 WL 1974072 (N.D. Ill. July 23, 2002), a case from the same judicial district. In *Dial*, the court declined to hold the EEOC to *any* limitations period in a pattern or practice sex harassment case based on the charge of an alleged victim. *Dial* relied exclusively on *EEOC v. Mitsubishi Motor Mfg. of America, Inc.*, 990 F. Supp. 1059 (C.D. Ill. 1998). In *Mitsubishi*, however, EEOC based its action not on a charge filed by an aggrieved employee, but rather on an EEOC Commissioner's charge, *i.e.*, a complaint issued by one of EEOC's commissioners.

The court in *Custom Companies* found *Mitsubishi* inapposite for that reason. It noted that the *Mitsubishi* court was concerned that in a case predicated on a Commissioner's charge which references no discrete act of discrimination from which to trigger the 300-day period, a timeliness analysis can be viewed as arbitrary. Without taking a position as to whether *Mitsubishi* was correctly decided, the *Custom Companies* court concluded that it was distinguishable from an EEOC case based on a charge by

an individual that describes a specific, discrete act of alleged discrimination from which to calculate the 300-day period.[4] Here, EEOC relies on such a charge.

Like *Dial*, *EEOC v. Scolari Warehouse Markets, Inc.*, 488 F. Supp. 2d 1117, 1136 (D. Nev. 2007), holds that "a statute of limitations does not apply when EEOC brings a pattern-or-practice suit." However, this case is incorrectly decided. *Scolari* relied on *Mitsubishi* and a statement by the Ninth Circuit in a 1979 case "noting, indirectly, that statutes of limitations for 707 claims may be illogical because there is no certain date from which the limitations could run." But *Mitsubishi* is inapposite because it involved a Commissioner's charge. Moreover, there is nothing "illogical" about following the clear language of Title VII under which Section 706 and 707 claims are both deemed timely or untimely based on the date an employee complains to EEOC, and the employer gets notice of the claim.

Using the underlying charge to determine the statute of limitations period encourages employees to bring instances of alleged discrimination to EEOC's attention promptly. This, in turn, provides the employer with notice of a claim and a chance promptly to correct the problem and, if it fails to do so, enables EEOC to take prompt action. This process represents a virtuous cycle that serves the public interest in identifying and eradicating discrimination. Thus, it is the contrary approach – one that would expose employers in pattern or practice cases to liability for actions taken decades earlier – that is illogical. Presumably, that is why Congress rejected it.

In sum, the plain statutory language, the policies considerations, and the weight of authority all point to the same conclusion – EEOC is limited here to seeking relief only for individuals who

---

[4] Freeman maintains that *Mitsubishi* is incorrectly decided. A Commissioner's charge provides a proper date for calculating the 300-day period. Nor should EEOC be permitted to use Commissioner's charges to circumvent the limitations period and hold employers liable for acts of alleged discrimination dating back as far as EEOC chooses to go. However, the Court need not reach this issue here.

experienced discrimination within the 300-day limitations period. The Court should therefore dismiss EEOC's case against Freeman insofar as it challenges decisions made before March 23, 2007.

## III.   CONCLUSION

For these reasons, the Court should grant Freeman's Motion to Dismiss.

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

/s/ Donald R. Livingston
Donald R. Livingston (Bar No. 15787)
Paul E. Mirengoff (admitted *pro hac vice*)
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
dlivingston@akingump.com
pmirengoff@akingump.com

Attorneys for Defendant Freeman