# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# (SOUTHERN DIVISION)

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**FREEMAN,**<br><br>        **Defendant.** | Case No. 8:09-CV-02573-RWT<br><br>**ANSWER OF FREEMAN** |

Defendant Freeman answers the separately numbered paragraphs of the complaint as follows:

## NATURE OF THE ACTION

Defendant admits that this is an action under Title VII of the Civil Rights Act of 1964 by the U.S. Equal Employment Opportunity Commission, which action alleges that Defendant has engaged in an on-going, nationwide pattern or practice of sex discrimination in hiring against men; race discrimination in hiring against Blacks; and national origin discrimination in hiring against Hispanics. Defendant denies all remaining allegations under "Nature of the Action."

## JURISDICTION AND VENUE

1. Defendant admits the allegations of paragraph 1 of the complaint, except Defendant denies that the complaint comports with or is authorized by Section 706(f)(1) and (3), or Section 707 of Title VII.

2. Defendant denies the allegations of paragraph 2 of the complaint, but admits that venue is proper in this Court.

## PARTIES

3.  Defendant admits the allegations of paragraph 3 of the complaint, except Defendant denies that this action is authorized by Section 706(f)(1) and (3), or Section 707 of Title VII.

4.  Defendant admits the allegations of paragraph 4 of the complaint that at all times since January 1, 2001, Defendant has conducted business in Prince George's County, Maryland and has had at least 15 employees, but denies all other allegations in paragraph 4.

5.  Defendant admits the allegations of paragraph 5 of the complaint.

## STATEMENT OF CLAIMS

6.  Defendant admits the allegations of the first sentence of paragraph 6 of the complaint, but denies allegations of the second sentence of paragraph 6.

7.  Defendant denies the allegations of paragraph 7 of the complaint.

8.  Defendant denies the allegations of paragraph 8 of the complaint.

9.  Defendant denies the allegations of paragraph 9 of the complaint.

10. Defendant denies the allegations of paragraph 10 of the complaint.

11. Defendant denies the allegations of paragraph 11 of the complaint.

12. Defendant denies the allegations of paragraph 12 of the complaint.

13. Defendant denies the allegations of paragraph 13 of the complaint.

14. Defendant denies the allegations of paragraph 14 of the complaint.

## PRAYER FOR RELIEF

With respect to Plaintiff's request for relief, Defendant denies that Plaintiff is entitled to the relief requested, or any other relief.

## FIRST DEFENSE

The complaint fails to states a claim upon which relief can be granted.

## SECOND DEFENSE

The persons on whose behalf Plaintiff has sued have failed to mitigate damages.

## THIRD DEFENSE

The complaint is barred to the extent it alleges claims that precede 300-days of the charge of alleged discrimination filed by Katrina Vaughn on or about January 17, 2008, which charge is EEOC charge number 846-2008-25677.

## FOURTH DEFENSE

The complaint is barred to the extent it exceeds the scope of EEOC charge number 846-2008-25677 filed by Katrina Vaughn on or about January 17, 2008.

## FIFTH DEFENSE

Plaintiff cannot recover back pay for more than two year prior to the filing by Katrina Vaughn of EEOC charge number 846-2008-25677 on or about January 17, 2008.

## SIXTH DEFENSE

The complaint is barred to the extent it alleges claims pertaining to Defendant's use of criminal history records prior to 300-days of notice to Defendant by Plaintiff on or about September 25, 2008, that Plaintiff was expanding its investigation of the charge filed by Katrina Vaughn (EEOC charge number 846-2008-25677) to include an investigation of Defendant's use of criminal histories.

## SEVENTH DEFENSE

The policies subject to the complaint are job-related and consistent with business necessity.

## EIGHTH DEFENSE

The persons on whose behalf Plaintiff seeks back pay are barred from a back pay recovery, in whole or in part, by after acquired evidence.

## NINTH DEFENSE

The complaint is barred by Plaintiff's failure to conciliate as required by Title VII.

## TENTH DEFENSE

The complaint is barred by the equal protection clause of the United States Constitution.

WHEREFORE, Defendant requests that the Court:

1. Dismiss this action with prejudice;

2. Award Defendant costs and attorneys fees;

3. Grant such further relief to Defendant as it deems proper.

                Respectfully submitted,

                AKIN GUMP STRAUSS HAUER & FELD LLP

                /s/ Donald R. Livingston
                Donald R. Livingston (Bar No. 15787)
                Paul E. Mirengoff (admitted *pro hac vice*)
                1333 New Hampshire Avenue, N.W.
                Washington, D.C. 20036
                Telephone: (202) 887-4000
                Facsimile: (202) 887-4288
                dlivingston@akingump.com
                pmirengoff@akingump.com

                Attorneys for Defendant Freeman