## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **EQUAL EMPLOYMENT** | * | |
| **OPPORTUNITY COMMISSION**, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Case No.: RWT 09cv2573 |
| v. | * | |
| | * | |
| **FREEMAN**, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | *** | |

## <u>MEMORANDUM OPINION</u>

This case addresses the issue of whether the Equal Employment Opportunity Commission ("EEOC") may seek relief under Section 706 or 707 of Title VII of the Civil Rights Act of 1964 ("Title VII") for individuals who were denied employment more than 300 days before the filing of the administrative charge prompting the EEOC's investigation. Because the plain language of Section 706(e)(1) bars Title VII claims from individuals who fail to timely file charges, the Court concludes that the EEOC cannot bring such claims and is "prompted to paraphrase the deathless dictum of Lord Mildew—if [Congress] did not mean what it said, it should have said so."  <u>Canada's Tavern, Inc. v. Town of Glen Echo</u>, 271 A.2d 664, 665 (Md. 1970).  Accordingly, the Court will, by a separate order, grant Defendant Freeman's Partial Motion To Dismiss for Failure To State a Claim [Paper No. 7], and dismiss all such claims.

## I

On January 17, 2008, Katrina Vaughn filed a "Charge of Discrimination" with the EEOC. <u>See</u> Def.'s Mot. To Dismiss Ex. 1 (Paper No. 7).  Ms. Vaughn alleged that Defendant Freeman discriminated against her on the basis of race in violation of Title VII of the Civil Rights Act of

1964.  Id.  In particular, Ms. Vaughn's charge states that Freeman rejected her for employment based on her credit history.  Id.

Upon receipt of the Charge, the EEOC notified Freeman of Ms. Vaughn's allegations.  Id. The EEOC ordered Freeman to file a response to the Charge on or before March 12, 2008.  Id. The record does not disclose Freeman's response; the nature, scope and duration of the EEOC's investigation; or the attempts, if any, to conciliate MS. Vaughn's allegations with Freeman.

On September 30, 2009, the EEOC filed the complaint in this case pursuant to Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 2000e-6.  See Compl. (Paper No. 1).  The EEOC generally alleges that since at least February 2001, Freeman has engaged in an on-going, nationwide pattern or practice of race, national origin, and sex discrimination against Black, Hispanic, and male job applicants in violation of Title VII.[1]  Id. at 1.  More specifically, the EEOC alleges that Freeman's use of credit history as a hiring criterion has a disparate impact[2] on Black job applicants, id. ¶ 8, and that Freeman's use of criminal history as a hiring criterion has a disparate impact on Black, Hispanic, and male job applicants, id. ¶¶ 9–11.  The EEOC further alleges that credit history and criminal history are neither job-related nor consistent with business necessity, as there are more appropriate, less discriminatory alternative selection procedures.  Id. ¶¶ 8–11.

---

[1]  Title VII protects applicants for employment against discrimination based on race, national origin, and sex by making it "an unlawful employment practice for an employer . . . to fail or refuse to hire . . . any individual . . . [or] to limit, segregate, or classify . . . applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities . . . because of such individual's race, . . . sex, or national origin."  42 U.S.C. § 2000e-2(a).

[2]  A "disparate impact" claim alleges that the defendant based an employment decision on a criterion that although "facially neutral" nevertheless impermissibly disadvantaged individuals of one gender, national origin, or race.  See Int'l Brotherhood of Teamsters v. United States, 431 U.S. 324, 336 n.15.  Subsection (k) of Section 703 sets forth the burden of proof in disparate impact cases.  See 42 U.S.C. § 2000e-2(k).

The EEOC asks for a permanent injunction enjoining Freeman from "engaging in race, national origin, and sex discrimination, including discriminatory denial of hire, use of selection criteria with significant disparate impact on Black, Hispanic, and/or male job applicants that are not job-related and consistent with business necessity or for which there are [sic] less-discriminatory alternatives." Id. ¶ A.  The EEOC further asks that the Court order Freeman "to institute and carry out policies, practices, and programs which provide equal employment opportunities for Black, Hispanic, and male persons, and which eradicate the effects of its past and present unlawful employment practices." Id. ¶ B.  Lastly, the EEOC asks the Court to order Freeman "to make whole" a class of aggrieved, Black, Hispanic, and male job applicants "by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to instatement and front pay in lieu thereof." Id. ¶¶ C–E.

On November 30, 2009, Freeman filed a Partial Motion To Dismiss For Failure To State a Claim.  See Def.'s Mot. To Dismiss.  Freeman moves to dismiss all claims in this lawsuit that relate to hiring decisions made more than 300 days before Ms. Vaughn filed her Charge—specifically, all claims relating to decisions made prior to March 23, 2007.  Id. at 1.  On December 17, 2009, the EEOC filed an Opposition to Defendant's Partial Motion To Dismiss. See Pl.'s Opp'n (Paper No. 12).  In it, the EEOC argues that no statute of limitations applies to its claims or, in the alternative, that the "continuing violation doctrine"[3] saves these claims from the limitations period.  Id. at 6, 12.  The EEOC also argues that the charge-filing date for purposes of the statute of limitations is the date Ms. Vaughn filed her questionnaire (i.e.,

---

[3]   As will be discussed in Part II.B, the "continuing violation doctrine" creates an equitable exception to the time period for filing a charge in a Title VII action when the unlawful employment practice is "based on the cumulative effect of individual acts." See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 115 (2002).

December 19, 2007), rather than the date she filed her Charge (i.e., January 17, 2008). Id. at 22. Freeman replied on January 8, 2010, see Def.'s Reply 15 (Paper No. 15), and the Court held a hearing on Freeman's Partial Motion To Dismiss on March 1, 2010.

## II

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). When considering such a motion, the court considers all well-pled allegations in the complaint as true, see Albright v. Oliver, 510 U.S. 266, 268 (1994), and construes the factual allegations in the light most favorable to the plaintiff, see Lambeth v. Bd. of Comm'rs of Davidson County, 407 F.3d 266, 268 (4th Cir. 2005). A court may reach the merits of an affirmative defense, such as the statute of limitations, at the motion to dismiss stage "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint." Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007).

No court of appeals has addressed whether the EEOC may seek relief under Section 706 or 707 for individuals who were allegedly subjected to a discriminatory act more than 300 days before the filing of the administrative charge prompting the EEOC's investigation. District courts that have addressed the issue are split. Compare, e.g., EEOC v. Sterling Jewelers, Inc., No. 08-CV-706, 2010 WL 86376 (W.D.N.Y. Jan. 6, 2010) (finding the 300-day statute of limitations inapplicable to the EEOC); EEOC v. LA Weight Loss, 509 F. Supp. 2d 527 (D. Md. 2007) (same); EEOC v. Scolari Warehouse Markets, Inc., 488 F. Supp. 2d 1117 (D. Nev. 2007) (same); EEOC v. Mitsubishi Motor Mfg. of Am., Inc., 990 F. Supp. 1059 (C.D. Ill. 1998) (same), with, e.g., EEOC v. Burlington Med. Supplies, Inc., 536 F. Supp. 2d 647 (E.D. Va. 2008) (subjecting the EEOC to the 300-day statute of limitations); EEOC v. Custom Cos., Inc., Nos. 02

4

C 3768, 03 C 2293, 2004 WL 765891 (N.D. Ill. Apr. 7, 2004) (same); EEOC v. Dial Corp., No.

Civ. A. 99 C 3356, 2002 WL 1974072 (N.D. Ill. 2002) (same); EEOC v. Optical Cable Corp.,

169 F. Supp. 2d 539 (W.D. Va. 2001) (same).

After surveying these district court cases, this Court concludes that the better reasoned

authority holds that the EEOC may not seek relief for individuals who were denied employment

more than 300 days before the filing of the administrative charge prompting the EEOC's

investigation.  The Court arrives at this conclusion based on the plain language of Sections 706

and 707 and on the inapplicability of the continuing violation doctrine to the question of class

membership in a case involving a pattern or practice of failing to hire applicants for employment.

**A**

Section 707 of Title VII authorizes the EEOC to bring a civil action if it has reasonable

cause to believe that any person or group of persons is engaged in a pattern or practice of

discrimination.  See 42 U.S.C. §§ 2000e-6(a), (c).  This authority was transferred, effective

March 24, 1974, from the Department of Justice ("DOJ") to the EEOC and must be carried out in

accordance with subsection (e) of Section 707.  See id. § 2000e-6(c); see also Gen. Tel. Co. of

the N.W., Inc. v. EEOC, 446 U.S. 318, 327–28 (1980).  Subsection (e), entitled "Investigation

and action by Commission pursuant to filing of charge of discrimination; procedure," provides:

> Subsequent to March 24, 1972, the Commission shall have authority to
> investigate and act on a charge of a pattern or practice of discrimination, whether
> filed by or on behalf of a person claiming to be aggrieved or by a member of the
> Commission.   All such actions shall be conducted in accordance with the
> procedures set forth in section 2000e-5 of this title.

42 U.S.C. § 2000e-6(e).  Section 707(e) requires the EEOC to investigate and act on a charge of

a pattern or practice of discrimination according to the procedures set forth in Section 706.

The procedure at issue in this case is the "Time for filing charges," which is set forth in subsection (e)(1) of Section 706.  It provides:

> A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

Id. § 2000e-5(e)(1) (emphasis added).  Pursuant to this subsection, an individual wishing to challenge an employment practice under Section 706 must first file a charge with the EEOC within either 180 or 300 days (in Maryland, 300 days) after the alleged unlawful practice occurred.  See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002).  "A [Title VII] claim is time barred if it is not filed within these time limits."  Id.

How the Section 706(e)(1) requirement impacts a lawsuit brought by the EEOC, rather than one brought by an aggrieved individual, is the question presented in this case.  Freeman argues that the plain language of Section 706(e)(1) limits the class of individuals for whom the EEOC can seek relief to those individuals who were allegedly subjected to unlawful employment practices during the 300 days before Ms. Vaughn filed her Charge.  See Def.'s Mot. To Dismiss 5.  The EEOC takes the position that Section 706(e)(1) affects only its administrative functions, and not the scope of remedies it can pursue as a litigant.  See Pl.'s Opp'n 9.  According to the EEOC, Section 706(e)(1) does no more than require that the charge triggering the EEOC's investigation be timely filed:  once that condition precedent is satisfied, the EEOC contends that

Section 706(e)(1) in no way limits the class of individuals for whom the EEOC can seek relief. Id.

The Court need not look any farther than the plain language of Section 706(e)(1) to conclude that the class of individuals for whom the EEOC can seek relief is limited to those who could have filed an EEOC charge during the filing period.  Section 706(e)(1) clearly bars claims from individuals who failed to timely file charges.  See 42 U.S.C. § 2000e-5(e)(1) ("[A] charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred . . . .").  Nothing in the text of Section 706 or 707 suggests that the EEOC can recover for individuals whose claims are otherwise time-barred.  If Congress intended to make an exception for the EEOC to revive stale claims under Sections 706 and 707, it should have said so.  The plain language of Section 706(e)(1), which is incorporated into Section 707 via subsection (e), precludes the EEOC from seeking relief for individuals who were not subjected to an unlawful employment practice during the 300 days before the filing of the triggering charge.

Because the Court reaches its conclusion based on the plain language of Sections 706(e)(1) and 707, it will only briefly address the EEOC's arguments relying on legislative history and public policy.  The EEOC primarily argues that the legislative history of Section 707 reflects Congress's intent to give the EEOC authority to sue and seek relief for victims of patterns and practices of discrimination on the same broad basis as the DOJ had prior to 1972. See Pl.'s Opp'n 8 & n.1 (quoting 118 Cong. Rec. 4080–82 (1972)).  Suffice it to say, the EEOC's authority, unlike that possessed by the DOJ, is restricted by the procedures set forth in Section 706.  See EEOC v. Shell Oil Co., 466 U.S. 62, 63 (1984) (recognizing the procedural prerequisites imposed on the EEOC by the 1972 amendments).

As for public policy, the EEOC cites its broad authority and primary responsibility to root out systemic discrimination in the American workplace.  See Pl.'s Opp'n 16.  The EEOC is only barred, however, from seeking relief based on stale claims; it remains free to pursue injunctive remedies, as well as equitable and monetary relief for individuals who did or could have filed charges within 300 days of the filing of the triggering charge.  In addition, other policy and fairness considerations, including concerns of open-ended liability and the need for prompt notification of the asserted violations to the employer, militate in favor of applying the 300-day limitations period to the EEOC.  See Occidental Life Ins. Co of Cal. v. EEOC, 432 U.S. 355, 368 (1977) (recognizing the need for the prompt filing of a charge to the EEOC's "integrated, multi-step enforcement process").  In the Court's view, the EEOC's mission to redress patterns and practices of discrimination will not be so thwarted by imposing the 300-day statute of limitations on the EEOC as to justify departing from the plain language of Section 706(e)(1).  It has a vital and important mission, but it must play on the same field subject to the same rules as individuals.

**B**

Notwithstanding the statute of limitations set forth in Section 706(e)(1), the EEOC argues that, under the continuing violation doctrine, Freeman can be liable for acts that pre-date the 300-day filing period and therefore the class of individuals for whom it can recover cannot be so limited.  See Pl.'s Opp'n 12–13.  Freeman responds that the continuing violation doctrine does not provide a basis for challenging decisions made outside the 300-day period.  See Def.'s Reply 17.  Both parties rely on National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002) to support their respective positions.  See Pl.'s Opp'n 12–16; Def.'s Reply 17–20.

The continuing violation doctrine creates an equitable exception to the statute of limitations set forth in Section 706(e)(1).  It renders actionable incidents that predate the 300-day

charging period, by linking them to incidents in the charging period.  See Holland v. Wash. Homes, Inc., 487 F.3d 208, 219 (4th Cir. 2007).  To prove a continuing violation, a plaintiff must demonstrate an ongoing pattern of discrimination and that at least one act of discrimination occurred during the charging period.  See Gilliam v. S.C. Dep't of Juvenile Justice, 474 F.3d 134, 139–42 (4th Cir. 2007).

The Supreme Court provided guidance as to the hallmarks of a continuing violation in Morgan.  In that case, the plaintiff filed an individual complaint, alleging racial discrimination, harassment, and retaliation from his former employer.  537 U.S. at 105–06.  Plaintiff did not raise class allegations, and the EEOC did not join the suit.  See id.  The issue in Morgan was whether the employer could be liable for acts that occurred more than 300 days before plaintiff filed the EEOC charge.  In deciding which acts could be considered, the Supreme Court distinguished between discrete retaliatory acts (i.e., termination, failure to promote, denial of transfer, or refusal to hire) and the continuous acts of harassment constituting a hostile work environment.  See id. at 114–16.  The Supreme Court explained that, unlike discrete acts of discrimination, hostile environment claims depend on the "cumulative effect of individual acts" across time, and a single act of harassment often is not actionable on its own."  Id. at 115.  In other words, "a hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'"  Id. at 116.  Relying upon the unique nature of hostile environment claims, the Morgan Court held that an employer may be liable for acts occurring outside of the 300-day filing period, provided that (1) at least one act contributing to the claim occurs within the filing period, and (2) the acts falling outside of the 300-day filing period are part of the same actionable hostile environment claim.  See id. at 117, 120–21.

There are two reasons why the continuing violation doctrine does not make Freeman potentially liable for acts that pre-date the 300-day filing period.  First, the continuing violation doctrine permits the inclusion of additional, but otherwise time-barred, <u>claims</u>—not the inclusion of otherwise time-barred <u>parties</u>.  This equitable exception to the 300-day filing period allows an individual who filed a timely charge to recover for acts outside the filing period if the nature of the claim involves "repeated conduct" constituting a single "unlawful employment practice."  <u>Id.</u>at 115.  It does not, however, excuse a complainant from adhering to the statutory time limits for filing a charge.  <u>Morgan</u> is silent as to whether a class can include individuals who did not experience any discriminatory acts during the filing period.[4]  In this Court's view, the continuing violation doctrine should not be invoked to expand the class of individuals for whom the EEOC can seek relief under Title VII.

Second, even if the continuing violation doctrine could allow otherwise time-barred parties to recover in certain cases, this is not one of them.  A pattern or practice of refusing to hire job applicants does not constitute a continuing violation.  Title VII precludes recovery for discrete acts of discrimination that occur outside the applicable statutory charge-filing period.  <u>See</u> <u>Morgan</u>, 536 U.S. at 112 ("[D]iscrete acts that fall within the statutory time period do not make timely acts that fall outside the time period.").  The refusal to hire an applicant with an unacceptable criminal history or credit history is undoubtedly a discrete act of discrimination.  <u>See</u> <u>id.</u> at 114 ("Discrete acts such as termination, failure to promote, denial of transfer, or <u>refusal to hire</u> are easy to identify." (emphasis added)).  Linking together a series of decisions not to hire under the label of a pattern or practice does not change the fact that each decision constituting

---

[4]   The Supreme Court reserved ruling on the issue of how the continuing violation doctrine applies to private litigants in a pattern or practice claim.  <u>See</u> <u>Morgan</u>, 536 U.S. at 115 n.9 ("We have no occasion here to consider the timely filing question with respect to 'pattern-or-practice' claims brought by private litigants as none are at issue here.").

the pattern or practice is discrete.  Cf. Williams v. Giant Food Inc., 370 F.3d 423, 429 (4th Cir.

2004) ("[E]ven if [plaintiff] is correct that [defendant's] failures to promote her . . . were part of

a broader pattern or practice of discrimination, those failures remain discrete acts of

discrimination.").  It follows that Title VII precludes recovery in a pattern or practice claim for

discrete acts of unlawfully denying a particular applicant a job based on criminal or credit history

if the decision is made outside of the limitations period.

### III

The EEOC also argues that the correct charge-filing date is December 19, 2007—the date

Ms. Vaughn filed her questionnaire—and not January 17, 2008—the date she filed her "Charge

of Discrimination."  Pl.'s Opp'n 22.  The EEOC relies on Holowecki v. Federal Express Corp.,

128 S. Ct. 1147 (2008).  There, the Supreme Court held that an EEOC intake questionnaire

constitutes a charge "if the document reasonably can be construed to request agency action and

appropriate relief on the employee's behalf."  Id. at 1159.

Ms. Vaughn's EEOC intake questionnaire does not constitute a charge because it cannot

be reasonably construed as a request for agency action and appropriate relief.  See Pl.'s Opp'n

Ex. 1.  Unlike the questionnaire in Holowecki, which was supplemented with a detailed six-page

affidavit stating "[p]lease force Federal Express to end their age discrimination plan," see 552

U.S. at 1159, neither Ms. Vaughn's questionnaire nor her supplements, which include a "Notice

of Adverse Action" from Freeman and a ten-page consumer report pertaining to Ms. Vaughn,

evince an intent by Ms. Vaughn to invoke the EEOC's investigative and remedial process, see

Pl's Opp'n Exs. 1–2.  In addition, Ms. Vaughn's filing of a timely "Charge of Discrimination" on

January 17, 2008, suggests that she was not requesting agency action at the time she filed her

intake questionnaire.  Thus, the charge-filing date for purposes of the statute of limitations is January 17, 2008—the date Ms. Vaughn filed her "Charge for Discrimination."

## IV

In conclusion, applicants for employment who Freeman did not hire before March 23, 2007, are not members of the class for whom the EEOC may seek relief.  Accordingly, this Court will, by separate order, grant Freeman's Partial Motion To Dismiss for Failure To State a Claim [Paper No. 7], and dismiss all claims asserted in the complaint to the extent that they relate to hiring decisions made before March 23, 2007.


Date: <u>April 26, 2010</u>                    _____/s/_____
                                             ROGER W. TITUS
                                             UNITED STATES DISTRICT JUDGE