IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**, | * * * * | |
| Plaintiff, | * * | Case No.: RWT 09cv2573 |
| v. | * * | |
| **FREEMAN**, | * * | |
| Defendant. | * * *** | |

## MEMORANDUM OPINION

This case involves the Equal Employment Opportunity Commission's ("EEOC") allegation that Defendant Freeman has engaged in an on-going, nationwide pattern or practice of race, national origin, and sex discrimination against Black, Hispanic, and male job applicants in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").  On April 26, 2010, this Court held that the plain language of Section 706(e)(1) of Title VII precludes the EEOC from seeking relief for individuals who were subjected to an unlawful employment practice more than 300 days before the filing of the triggering charge.  Mem. Op. 17, April 26, 2010, ECF No. 18. Accordingly, the Court dismissed all claims asserted in the complaint to the extent that they related to hiring decisions made more than 300 days before the filing of the original charge, specifically all claims relating to decisions made prior to March 23, 2007.  Id.

The issue presented here is whether, for claims of discrimination that were not included in the original charge, the "filing" date is (1) the date of the filing of the original charge or (2) the date on which the EEOC notified Freeman that it was expanding its investigation to encompass the new charges.  For reasons set forth below, the Court concludes that, for claims not included

in the original charge, the "filing" date is the date on which the EEOC notified Freeman that it was expanding its investigation to encompass the new charges. Accordingly, the Court will, by a separate order, grant Defendant Freeman's Motion for Partial Summary Judgment [ECF No. 27], and dismiss all claims not included in the original charge made more than 300 days before notice was provided of the expanded investigation.

# I

On January 17, 2008, Katrina Vaughn, an African American woman, filed a "Charge of Discrimination" with the EEOC (the original charge). Def.'s Mot. Dismiss Ex. 1 at 4, ECF No. 7-2. Ms. Vaughn alleged that Freeman discriminated against her on the basis of race in violation of Title VII by rejecting her for employment based on her credit history. Id. Upon receipt of the original charge, the EEOC notified Freeman of Ms. Vaughn's allegations.

After the EEOC began investigating Ms. Vaughn's charge, sometime between March 25, 2008 and September 25, 2008, the EEOC expanded the investigation to include Freeman's use of criminal history information in the hiring process. Def.'s Mot. Summ. J. Attach. C ("Pl.'s Answers to Interrog.") at 24, ECF No. 27-4. The EEOC sent a letter to Freeman on September 25, 2008 notifying it of the expanded investigation. Id.

On September 30, 2009, the EEOC filed this complaint alleging that Freeman engaged in a pattern and practice of unlawful discrimination (1) against African American applicants by using poor credit history as a hiring criterion and (2) against African-American, Hispanic, and white male applicants by using criminal history as a hiring criterion. Compl. ¶¶ 8-11. The EEOC alleges that these practices date back to at least February 2001. Id.

On November 30, 2009, Freeman moved to dismiss all claims in this lawsuit that relate to hiring decisions made more than 300 days before Ms. Vaughn filed the original charge—

specifically, all claims relating to decisions made prior to March 23, 2007. Def.'s Mot. Dismiss 1. The Court held a hearing on Freeman's motion to dismiss and subsequently granted the motion and dismissed all claims relating to hiring decisions made before March 23, 2007. Order Granting Def.'s Mot. Dismiss, April 26, 2010, ECF No. 19.

On September 7, 2010, Freeman moved for partial summary judgment on all claims that relate to hiring decisions based on criminal history that were made more than 300 days before the date on which EEOC notified Freeman that it had expanded its investigation to Freeman's use of criminal history – specifically, all claims relating to decisions based on criminal history made prior to November 30, 2007. Def.'s Mot. Summ. J. 1. On October 1, 2010, the EEOC filed an Opposition to Freeman's Motion for Partial Summary Judgment. Pl.'s Opp'n, ECF No. 31. Freeman replied on October 22, 2010, Def.'s Reply, ECF No. 37, and the Court held a hearing on Freeman's Motion for Partial Summary Judgment on December 3, 2010. The motion is now ripe for dispositive review.

## II

Summary judgment is proper if there are no issues of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299, 302 (4th Cir. 2006). A material fact is one that "might affect the outcome of the suit under the governing law." Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183 (4th Cir. 2001) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)). A dispute of material fact is only "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. Anderson, 477 U.S. at 248-49. However, the non-moving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769

F.2d 213, 214 (4th Cir. 1986). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [its] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Balt. Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e)).

The Court may only rely on facts supported in the record, not simply assertions in the pleadings, in order to fulfill its "affirmative obligation . . . to prevent 'factually unsupported claims or defenses' from proceeding to trial." Felty v. Grave-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (citing Celotex, 477 U.S. at 323-24). When ruling on a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

### III

The time for filing charges under Title VII is set forth in subsection (e)(1) of Section 706, which provides:

> A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, <u>such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred</u>, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

42 U.S.C. § 2000e-5(e)(1) (emphasis added). Pursuant to this subsection, an individual wishing to challenge an employment practice under Section 706 must first file a charge with the EEOC within either 180 or 300 days (in Maryland, 300 days) after the alleged unlawful practice

4

occurred.  See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002).  "A [Title VII] claim is time barred if it is not filed within these time limits."  Id.

     This Court has already held that the EEOC can seek relief only for claims that arose within 300 days of the charge-filing period.  Mem. Op. 7.  The issue before the Court today is identifying the "charge filing period" for claims of discrimination that were not asserted in the original charge.  More specifically whether the charge filing period for the criminal history claims started to run on (1) the date of the filing of Ms. Vaughn's charge or (2) the date on which the EEOC notified Freeman by letter that it was expanding its investigation to encompass the criminal history claims.

     As discussed in this Court's previous memorandum opinion, there are no appellate court decisions and few district court decisions that address the 300-day time bar, let alone that address how an expanded investigation affects the relevant date for purposes of the 300-day time bar. Mem. Op. 4-5.  Although the Fourth Circuit has not specifically determined how an expanded investigation affects the relevant filing date for purposes of the 300-day time bar, the Fourth Circuit has addressed how an expanded investigation affects the filing date for purposes of the two-year limitation on back payments.  See EEOC v. General Elec. Co., 532 F.2d 359, 371-72 (4th Cir. 1976).  In General Electric, the Fourth Circuit held that the filing date is the date of notice to the employer for the purpose of determining back pay for charges expanded during the investigation, absent countervailing equities regarding back pay.  Id. at 372.

     In EEOC v. Optical Cable Corp., 169 F. Supp. 2d 539 (W.D. Va. 2001), the district court was presented with the same statute of limitations type argument presented by Freeman in this case.  Expanding upon the principles articulated by the Fourth Circuit in General Electric, the court concluded that, "In the absence of a better alternative, I find that the 'filing' dates for the

[expanded charges] were the dates on which the EEOC notified Defendant that it was expanding its investigation to encompass these charges." Id. at 547 (citing General Elec. Co., 532 F.2d at 371).

This Court similarly concludes that when General Electric is applied to the question of the relevant date for purposes of the 300-day time bar in this case, the relevant date is the date of notice of the new charges, not the date of filing of the old charges. The EEOC sets forth an array of arguments in support of its position that the filing date for the criminal history claims should be the date of filing of Ms. Vaughn's charge. To the extent the Court has not already addressed the EEOC's arguments in its previous memorandum opinion [ECF No. 18], these arguments are addressed below.

**A**

First, the EEOC asserts, without analysis, that the plain language of Title VII requires measuring the 300-day period from the date of the initial charge, not the date notice was provided to the employer. See Pl.'s Opp'n 2. As explained in detail in Freeman's reply brief, the EEOC's right to expand its investigation without a new charge is a right carved out by case law and not addressed in the statutory language. Def.'s Reply 4-5 (citing General Elec. Co., 532 F.3d at 365-66 ("To require a new charge . . . would be simply a useless exercise in technical nicety.")) That same case law dictates that, absent "countervailing equities," employers must not be burdened with larger back pay awards than would result if a new charge were required. General Elec. Co., 532 F.3d at 371-72. The Fourth Circuit thus concluded that back pay is ordinarily limited in this situation to the period of two years before the employer receives notice of the expansion of the investigation. Id. Similarly, the employer should not be burdened with additional claims than would result if a new charge were required upon the expansion of an investigation. See Optical Cable Corp., 169 F. Supp. at 547.

Thus, for claims not included in the original charge, measuring the 300-day limitation period from the date of notice to the employer is not at odds with the statutory language. The EEOC's right to expand the investigation without filing a new charge is a right carved out by case law and this interpretation is in accordance with that case law.

**B**

Second, the EEOC argues that claims based on decisions made more than 300 days before the employer received notice of the expanded investigation are only precluded if the employer can demonstrate substantial prejudice from the delay in notification, and Freeman has not made such a showing. See Pl.'s Opp'n 7. Freeman responds that it need not make a special showing of prejudice, and, in any case, there is obvious prejudice to an employer when its total liability increases due to the expansion of an investigation of which the employer was not made aware. See Def.'s Reply 2, 5-6.

The EEOC seeks to start the 300-day limitation period on the date Ms. Vaughn's charge was filed as opposed to the date the EEOC provided notice to Freeman by letter that it was expanding the charge to include claims based on criminal history information. Taking the position advocated by the EEOC would in effect add eight months to the claims filing period and would add at least ten claims to this proceeding. Def.'s Reply 7, Ex. 1, Decl. of Jackie Evans ¶ 3. Although a delay of eight months is admittedly less than the two year delay in notification present in General Electric, it is plain to the Court that Freeman would be prejudiced by the addition of ten claims resulting from an expanded investigation of which it was not made aware for eight months.

The EEOC insists that there is no prejudice to Freeman because Freeman failed to cease the practice of using criminal history information in its hiring decision upon receiving notice of

the expanded investigation to include such claims.  See Pl.'s Opp'n 16-17.  This argument, of course, puts the cart before the proverbial horse.  Employers are not required to cease a practice upon receiving notice from the EEOC that it is investigating the practice or even upon the filing of a formal complaint. The lawfulness or unlawfulness of Freeman's use of criminal history information in hiring decision is the issue before the Court.  An employer should not be placed in the untenable position of either prematurely ceasing a practice that it might believe in good faith is lawful or foregoing the right to bring the statute of limitations type argument presented by Freeman here.

In sum, to the extent a showing of prejudice is required before claims accruing prior to the 300-day filing period are precluded, the Court concludes that Freeman has made such a showing of prejudice in this case.

## C

The Court next turns to the question of whether any "countervailing equities" counsel against using September 25, 2008 – the date the EEOC provided notice to Freeman of the expanded investigation by letter – as the filing date for criminal history claims in this case.  See EEOC v. General Elec. Corp., 532 F.3d at 571-72 (the filing date for the purpose of determining back pay for charges expanded during investigation is the date of notice to the employer, absent countervailing equities regarding back pay).  The EEOC asserts the following countervailing equities in support of its position that the charge date should be considered the filing date for purposes of the criminal history claims: (1) Ms. Vaughn's charge provided sufficient notice of the criminal history claims, (2) Freeman "understood" during the investigation that its use of criminal information was at issue, and (3) Freeman had "independent notice," via the EEOC's published guidance documents, that the use of criminal history information in the hiring process

may result in Title VII liability. See Pl.'s Opp'n 8-14. The EEOC also argues that, in any event, it would be premature to grant Freeman's motion before trial or at least further discovery. Id. at 6-7.

The EEOC first contends that Ms. Vaughn's charge provided sufficient notice to Freeman that criminal history claims were at issue. In support of this position, the EEOC relies on the introductory paragraph of Vaughn's charge wherein she states that after her interview with Freeman, she was told she "would be hired, contingent on my passing a drug, criminal, and credit background check." See Pl.'s Opp'n 10 (quoting ECF No. 7-2 (emphasis added)). The EEOC asserts that through this recitation, Ms. Vaughn "alleged that the [entire] background check policy was discriminatory to a class of 'racial minorities'" Id. at 11.

Even a cursory review of Vaughn's charge disaffirms this assertion. The reference to Freeman's use of a criminal history check was included merely as relevant background information. Ms. Vaughn's charge alleges that she was discriminated against "because of [her] race" by virtue of her "rejection due to information received about [her] credit background." Def.'s Mot. Dismiss Ex. 1 at 4. Ms. Vaughn made no such allegation with respect to Freeman's use of criminal history information and indeed passed the criminal background check. Neither did Ms. Vaughn's charge make any mention of the EEOC's allegation that Freeman discriminates against Hispanics and white males.

As discussed above, the EEOC is permitted to expand its investigation to include these claims without the formal filing of a new charge. See General Elec. Co., 532 F.3d at 365-66 ("To require a new charge . . . would be simply a useless exercise in technical nicety.") However, it is plain to the Court that Ms. Vaughn's charge did not provide sufficient notice to

Freeman of a potential lawsuit for allegedly discriminating against African-American, Hispanic, and white male applicants by using criminal history as a hiring criterion.

The EEOC maintains that Freeman "clearly understood" that all aspects of the background check policy were at issue in Ms. Vaughn's charge because Freeman provided information to the EEOC about its entire background policy, not just the credit history portion. Pl.'s Opp'n 8. Freeman denies that it had any such understanding and explains that it provided such information because it was relevant to Vaughn's complaint that she and other African-American applicants were victims *of the use of credit information*. Def.'s Reply 11 (emphasis in original). More specifically, to the extent that Vaughn and other African-American applicants with poor credit histories also ran afoul of other aspects of the background check process that Vaughn did not challenge, these individuals were not entitled to any relief. Id.

Freeman is correct to point out that it cannot be inferred from Freeman's provision to the EEOC of information about all aspects of its background check policy that Freeman understood that its use of criminal history information and drug screening were under challenge or under investigation. Freeman denies that it had any such understanding and the Court finds EEOC's unsupported assertion to the contrary unpersuasive. Thus, the alleged notice provided by Ms. Vaughn's charge is not a countervailing equity counseling in favor of using the charge date as the filing date for purposes of the 300-day time bar.

The EEOC also contends that its policy pronouncements regarding the use of criminal history information in employment decisions "put Defendant on notice of its potential liability, certainly more so than any individual charge raising the convictions issue or the EEOC's September 2008 letter." Pl.'s Opp'n 13. The Court agrees with Freeman that "the EEOC's general statements of its view of the law – which do not have the status of law – cannot

10

substitute for notice to an employer that it is charged with, or is being investigated for, a violation." Def.'s Reply 13. The statute requires such notice, and general policy pronouncements do not suffice to put an employer on notice that its particular employment practice is being challenged.

In sum, the Court concludes that the EEOC did not properly notify Freeman that it was being investigated for its use of criminal history information in hiring decisions until the EEOC sent Freeman a letter on September 25, 2008 notifying Freeman of the expanded investigation. The EEOC's attempts to demonstrate that Freeman was, or should have been, on notice prior to that date are unpersuasive and thus do not constitute countervailing equities sufficient to justify expanding the 300-day filing period to the date Ms. Vaughn's charge was filed. Because the issue has been fully briefed and argued, and there is nothing to indicate that this is a triable issue, the Court sees no reason to wait until the conclusion of trial to decide this issue. Thus, for purposes of determining the 300-day filing period for criminal history claims, the filing date is September 25, 2008.

## IV

In conclusion, applicants for employment not hired by Freeman on the basis of criminal history information before November 30, 2007, are not members of the class for whom the EEOC may seek relief. Accordingly, this Court will, by separate order, grant Freeman's Motion for Partial Summary Judgment [ECF No. 27], and dismiss all claims asserted in the complaint to the extent that they relate to hiring decisions based on criminal history information made before November 30, 2007.

Date: January 31, 2011                          /s/
                                    ROGER W. TITUS
                                    UNITED STATES DISTRICT JUDGE