# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>FREEMAN,<br><br>        Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. RWT-09-CV-2573<br>)<br>)<br>)<br>) |

## PLAINTIFF EEOC'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES AND SUPPLEMENTAL STATEMENT OF UNRESOLVED ISSUES

Pursuant to the Federal Rule of Civil Procedure 37(a) and Rule 104.8 of the Local Rules of the U.S. District Court for the District of Maryland, Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") files the instant Motion to Compel Production of Documents and Answers to Interrogatories in the above-styled and numbered action.

Attached to this Motion is (a) EEOC's Memorandum in Support of this Motion, *see* Exhibit 1; (b) Defendants' response in opposition to the Motion, *see* Exhibit 2; and (c) EEOC's Reply brief regarding the Motion to Compel, *see* Exhibit 3.

After Local Rule 104.8 procedures, discovery disputes remain concerning the following EEOC discovery requests:

Document Request Nos. 1, 2, 3, 21, and 22

Interrogatory Nos. 4, 5, 8, 9, 10, 11, 12

Specifically, the categories of documents and interrogatory answers that remain in dispute and that are responsive to the foregoing discovery requests include the following:

1. All electronic data, background check reports, other documents, and responsive interrogatory answers pertaining to applicants (whether hired or not) subjected to credit and/or criminal justice history screening for (a) the time frame February 1, 2001, to the start of the limitations periods determined by the Court (March 23, 2007, and November 30, 2007, respectively) and (b) full supplemental production of such records for the time periods in 2009, 2010 and 2011 that were not reflected in the electronic records Defendant produced on September 22, 2010.

2. Employment applications (electronic and hard copy) and any other hard copy documents related to any applicants (whether hired or not) subjected to credit and/or criminal justice history screening by Defendant at any time on or after February 1, 2001.

3. Interrogatory answers and documents related to remedies in this case, such as facts and documents (e.g., employment application forms) that Defendant contends support its after-acquired evidence affirmative defense (Eighth Defense) pleaded in its Answer.

4. Identification of all third-party employee recruiting agencies used by Defendant to conduct credit and/or criminal justice history screening of applicants.

The EEOC respectfully requests that this Court enter an order directing Defendant Freeman to produce documents responsive to the EEOC document production requests and interrogatories listed above.

The EEOC certifies that it has in good faith conferred with Defendant in an effort to the parties' disputes without Court action and that Defendant has failed to provide such information and documents.

                                      Respectfully submitted,

                                        /s/
                                    RONALD L. PHILLIPS
                                    Supervisory Trial Attorney
                                    EEOC-Baltimore Field Office
                                    10 S. Howard Street, Third Floor
                                    Baltimore, MD 21201
                                    Tel: 410-209-2737
                                    Fax: 410-962-4270