IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. RWT-09-2573 |
| FREEMAN, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before this Court is Defendant's Motion For Protective Order (ECF No. 67) (the "Motion"). The Court has reviewed the Motion, related memoranda, and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court GRANTS the Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

In its Complaint, Plaintiff alleges that Defendant has violated Title VII of the Civil Rights Act of 1964 by engaging in an ongoing pattern and practice of unlawful discrimination against African-American, Hispanic, and male job applicants by examining their criminal and credit histories in determining whether to employ them. Compl. ¶¶ 8-11. In discovery, Plaintiff has deposed three of Defendant's employees. On February 7, 2012, Plaintiff deposed Ms. Susanne Bragg, Defendant's "vice-president of benefits and compliance" and designated corporate representative under Rule 30(b)(6) of the Federal Rules of Civil Procedure. Def.'s Mem. in Supp. of Def.'s Mot. for Protective Order ("Def.'s Mem.") 1. On February 8, 2012, Plaintiff deposed Ms. Bragg in her individual capacity. Def.'s Mem. 1, 4. On February 9, 2012, Plaintiff deposed Pamela Wills-Ward, Defendant's "senior vice president for human resources;" and on

1

March 1, 2012, Plaintiff deposed Donald Freeman, "the company's board chairman."  Def.'s Mem. 1.

Plaintiff has also served a notice of deposition for Joseph V. Popolo, Jr., "Defendant's chief executive officer."  Def.'s Mem. 1, 5.  On March 5, 2012, Defendant requested that Plaintiff withdraw the Notice of Deposition.  Def.'s Mem., Mirengoff Decl. at Ex. 4.  On that same day, Plaintiff refused.  Def.'s Mem., Mirengoff Decl. at Ex. 5.

## **DISCUSSION**

Rule 26(c) of the Federal Rules of Civil Procedure states that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending," and the "court may, for good cause, issue an order . . . forbidding the disclosure or discovery; . . . [or] limiting the scope of disclosure or discovery to certain matters."  Fed. R. Civ. P. 26(c)(1).  Rule 26(b)(2)(C) provides that a court must limit discovery if

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

In general, motions for protective orders "seeking to prevent the taking of a deposition [are] regarded unfavorably by the courts."  *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 125 (D. Md. 2009).  Such orders "should be rarely granted absent extraordinary circumstances;" therefore, the moving party bears a "heavy burden."  *Id.*  (quoting *Static Control Components,*

*Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 434 (M.D.N.C. 2001)) (internal quotation marks omitted).

Here, Defendant argues that the Court should issue a protective order preventing the deposition of Mr. Popolo because: (1) the "burden of preparing Mr. Popolo for a deposition and producing him to testify vastly outweighs EEOC's need for information from Mr. Popolo," an individual without "unique personal knowledge;" (2) the deposition would be duplicative of other depositions already taken; (3) Plaintiff has already had the opportunity to question Defendant's employees and a corporate representative about the topics about which Plaintiff intends to question Mr. Popolo; and (4) it would be inappropriate to allow Plaintiff to depose Mr. Popolo solely because he is Defendant's chief executive officer.  Def.'s Mem. 7-11; Def.'s Reply 1, 4-7.  The Court agrees that a protective order is appropriate for some of these reasons.

First, the deposition would be "unreasonably cumulative or duplicative."  Fed. R. Civ. P. 26(b)(2)(C).  Plaintiff has already taken a Rule 30(b)(6) deposition of Defendant's designated representative, Ms. Bragg, as well as personal depositions of three of Defendant's executive level employees.  Def.'s Mem. 1.  The topics about which Plaintiff would question Mr. Popolo seem to be the same as those already covered in these four depositions.  *Compare* Pl.'s Opp'n 6 (seeking to depose Mr. Popolo on topics such as changes to the credit check policy and what occurred at a 2004 meeting with Ms. Bragg and Mr. Freeman) *with* Def.'s Mem., Mirengoff Decl. at Ex. 1 at 29-30 (discussing changes to the credit check policy) *and* Pl.'s Opp'n Ex. 2 at 4 (discussing the 2004 meeting).  If further depositions on the same issues would yield information already provided in prior depositions, then those further depositions should be excluded as "unreasonably cumulative or duplicative."  *See generally Nicholas v. Wyndham Int'l, Inc.*, 373

F.3d 537, 543 (4th Cir. 2004) (court issued a protective order because the deposition sought would have yielded the same information already acquired in discovery).

Relatedly, a protective order is appropriate here because Defendant has shown that Plaintiff "has had ample opportunity to obtain the information" from other sources. Fed. R. Civ. P. 26(b)(2)(C)(ii). Plaintiff could have obtained the requested information when it took the Rule 30(b)(6) deposition of Defendant and the personal depositions of three of Defendant's employees. *See, e.g.*, Def.'s Mem., Mirengoff Decl. at Ex. 3 (identifying topics for Rule 30(b)(6) deposition, including Defendant's policies for selecting employees and policies related to use of credit or criminal history information).

Finally, the burden of allowing the deposition of Mr. Popolo "outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii). The burden of preparing Mr. Popolo for a deposition would be marginal because he is not a corporate designee that needs to be educated on the inner workings of the corporation, rather his testimony would be based upon his personal knowledge. However, that burden outweighs any benefit of the deposition. As discussed above, the deposition would likely provide information already revealed in previous depositions. Further, in a disparate impact case, a defendant's motives are not important. *See Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 986-87 (1988) (holding that a plaintiff must prove intent or motive in a disparate treatment case, but not in a disparate impact case); *Young v. United Parcel Service of Am.*, No. DKC-08-2586, 2010 U.S. Dist. LEXIS 30764, at *17-18 (D. Md. Mar. 30, 2010) (quoting *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 282-83 (4th Cir. 2005) (Gregory, J., dissenting in part)) (noting same).

Yet the Court disagrees with Defendant's argument that a protective order is appropriate under the "apex deposition rule." Def.'s Mem. 5-6, 7-8, 11.  This rule prevents a deposition "sought simply because [an individual] is the CEO or agency head – the top official, not because of any special knowledge of, or involvement in, the matter in dispute." *Minter*, 258 F.R.D. at 126.  The Fourth Circuit has not adopted this rule.  *See id.* at 125; *Carr v. Double T Diner*, 272 F.R.D. 431, 434 (D. Md. 2010) (recognizing that the apex deposition rule has not been discussed or adopted in the Fourth Circuit).

Even if this Circuit had adopted this rule, Plaintiff has shown that the requested deposition of Mr. Popolo does not fall within the scope of the rule because Mr. Popolo possesses personal knowledge of the hiring practices at issue.  *See, e.g.*, Pl.'s Opp'n 3-4 (describing Defendant's interrogatory responses, which show Mr. Popolo's personal knowledge); Ex. 1 at 3-4 (Defendant identified Mr. Popolo as an individual with "relevant knowledge related to any or all claims, defenses, allegations, denials, or contentions in this action"); Ex. 1 at 4-5 (Defendant averred that Mr. Popolo "participated in the decision to adopt the policies at issue and the decision to modify the credit history check policy" and "has knowledge about the reasons for these decisions and knowledge as to how the policies are applied.").  Nevertheless, the Court finds a protective order appropriate here for the reasons stated above.

## CONCLUSION

Based on the foregoing, the Court GRANTS Defendant's Motion for Protective Order.


June 21, 2012                                                               /s/
                                                                    Charles B. Day
                                                                    United States Magistrate Judge


CBD/mkh/hs