**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. RWT-09-2573** |
| | ) | |
| **FREEMAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Before this Court are Plaintiff EEOC's Motion For Protective Order (ECF No. 70)

("Motion I") and Defendant's Unopposed Motion For Leave To File A Surreply on Plaintiff's

Motion for Protective Order (ECF No. 87) ("Motion II"), collectively, the "Motions."  The Court

has reviewed the Motions, related memoranda, and applicable law.  No hearing is deemed

necessary.  *See* Local Rule 105.6 (D. Md.).  For the reasons presented below, the Court DENIES

both Motions.

## FACTUAL AND PROCEDURAL BACKGROUND

In its Complaint, Plaintiff alleges that Defendant has violated Title VII of the Civil Rights

Act of 1964 by engaging in an ongoing pattern and practice of unlawful discrimination against

African-American, Hispanic, and male job applicants by examining their criminal and credit

histories when considering whether to employ them.  Compl. ¶¶ 8-11 (ECF No. 1).  On March

27, 2012, Defendant served Plaintiff with Defendant's Notice of Rule 30(b)(6) Deposition

seeking to depose Plaintiff pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

Pl.'s Mem. in Supp. of Motion I ("Pl.'s Mem.") Ex. 1.  Defendant identified the topics to be

discussed during the deposition, such as Plaintiff's policies on the legal standard applicable to

challenging an employer's use of credit history or arrest records in hiring; Plaintiff's policies on

and justifications for considering arrest and credit records in hiring; and certain EEOC

adjudicative procedures used during the "credentialing and suitability decision making process."

*Id*.  In response, Plaintiff seeks a protective order.  Motion I 1.

## DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure states, "[p]arties may obtain

discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."

Fed. R. Civ. P. 26(b)(1).  The relevance standard addresses "concerns about the overbreadth and

expense of discovery," and, thus, "restrict[s] the scope of discovery to unprivileged facts relevant

to 'the claim or defense of any party', unless the court determines that there is 'good cause' to

permit broader discovery relevant to the subject matter of the action, but not more directly

connected to the particular claims and defenses."  *Thompson v. Dep't of Hous. & Urban Dev.*,

199 F.R.D. 168, 171 (D. Md. 2001).

Generally, motions for protective orders "seeking to prevent the taking of a deposition

[are] regarded unfavorably by the courts."  *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118,

125 (D. Md. 2009).  Such orders "should rarely be granted absent extraordinary circumstances;"

therefore, the moving party bears a "heavy burden."  *Id.* (quoting *Static Control Components,

Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 434 (M.D.N.C. 2001)) (internal quotation marks

omitted).

Here, Plaintiff argues that the Court should issue a protective order preventing a 30(b)(6)

deposition of Plaintiff for three reasons.  First, Plaintiff contends that a protective order is

appropriate because the deposition would not seek information relevant to any claim or defense.

Pl.'s Mem. 4-14, 16-19, 20-23.  Second, Plaintiff argues that the deposition would not disclose

any relevant information because Plaintiff does not choose or conduct all of its hiring practices. Pl.'s Mem. 14-16.  Third, Plaintiff argues that the Court should issue a protective order because the deposition would be cumulative, burdensome, and duplicative of publicly available information.  Pl.'s Mem. 19, 24-25.  Each of these arguments fails to support a protective order. The Court will address each in turn below.

I.      The Deposition Seeks Information Relevant to Defenses in this Case

Plaintiff argues that Defendant's 30(b)(6) deposition would not discover information relevant to the claims and defenses in this case because: (1) Defendant has not pled an equitable estoppel defense, *see* Pl.'s Mem. 4-5; and (2) Defendant's business necessity defense lacks merit, *see generally* Pl.'s Mem. 5-23.  The Court agrees in part.

Defendant cannot discover information relevant to an affirmative defense that Defendant has not pled.  According to Rule (8)(c)(1) of the Federal Rules of Civil Procedure, "[i]n responding to a pleading a party must affirmatively state any . . . affirmative defense, including: . . . estoppel."  Fed. R. Civ. P. 8(c)(1).  Defendant did not plead an affirmative defense of equitable estoppel in its Answer.  *See* Answer (ECF No. 8).  Defendant claims that it can move to amend its Answer under Rule 15 of the Federal Rules of Civil Procedure.  Def.'s Opp'n 22. However, Defendant has not yet filed such a motion.  Because Defendant failed to include equitable estoppel as an affirmative defense in its Answer and has not yet obtained leave to amend its Answer to include this defense, discovery of matters relating to this affirmative defense are not relevant, and Defendant cannot depose Plaintiff on topics related to this defense.

Plaintiff, however, cannot avoid a deposition because it believes that Defendant's business necessity defense is baseless.  Arguments regarding the merits of claims or defenses asserted in pleadings "[are] not the kind[s] of argument[s] that the Court can adequately entertain

3

in a discovery dispute." *Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc.*, 200 F.R.D.

255, 257 (M.D.N.C. 2001); *see also Triangle Residential Designs, Inc. v. Ashley Turner Enters.,*

*Inc.*, No. 5:05-CV-412-F(3), 2011 WL 7293428, at *2 (E.D.N.C. Feb. 24, 2011) (holding that

"[a]rguments that Plaintiff's claims have no merit or that Defendants have a viable affirmative

defense are not 'the kind of argument[s] that the Court can adequately entertain in a discovery

dispute.'" (second alteration in original) (citation omitted)).

Instead of evaluating Defendant's business necessity defense at this stage, the Court must

determine whether the deposition seeks information relevant to that defense or reasonably

calculated to lead to the discovery of admissible evidence.  Plaintiff claims that Plaintiff's use of

credit and criminal histories is not relevant because a business necessity defense "is employer-

and job-specific," and *Defendant* is the employer in question.  Pl.'s Mem. 6.  However, if

Plaintiff uses hiring practices similar to those used by Defendant, this fact may show the

appropriateness of those practices, particularly because Plaintiff is the agency fighting unfair

hiring practices.  *See EEOC v. Kaplan Higher Educ. Corp.*, No. 1:10 CV 2882, 2011 WL

2115878, at *4 (N.D. Ohio May 27, 2011) ("Whether the EEOC uses background or credit

checks in hiring its employees is relevant to whether such measures are a business necessity.

Accordingly, defendant is entitled to depose [EEOC's] Rule 30(b)(6) designee on these topics.").

Plaintiff and Defendant consider similar factors in evaluating individuals with a criminal

background, such as the "nature of the offense" committed, the "seriousness of the conduct," and

the position to be filled.  *Compare* Def.'s Opp'n 10 (discussing various factors analyzed during

the hiring process when an individual has a criminal record) *and* Def.'s Opp'n Koerner Decl. at

Ex. K at 176 (same), *with* Pl's Mem. 20-23 (outlining the procedures and processes used in

hiring individuals with criminal records).  Plaintiff's practices are therefore reasonably calculated

4

to lead to the discovery of admissible evidence, even if these practices eventually may not be

admissible at trial or ultimately dispositive to showing whether Defendant violated the law.

Further, Defendant is not required to accept Plaintiff's position in its briefs that the two entities'

practices are dissimilar – Defendant is entitled to discovery on this issue as it relates to

Defendant's defense.

The cases to which Plaintiff cites do not convince the Court that Plaintiff's hiring

practices are irrelevant, particularly given that all but one are not binding law in this circuit.

Some do not discuss discovery issues. *See, e.g., Johnson v. Mayor & City Council of Baltimore*,

472 U.S. 353 (1985) (on appeal of a Fourth Circuit decision to reverse a bench verdict, the

Supreme Court addresses whether a federal retirement provision articulates a *bona fide*

occupational qualification for firefighters); *EEOC v. Illinois*, No. 86 C 7214, 1991 WL 259027

(N.D. Ill. Nov. 29, 1991) (in denying a motion for summary judgment, ruling that Defendant

cannot rely on a federal age requirement in defending against an age discrimination claim);

*United States v. New York*, 475 F. Supp. 1103 (N.D.N.Y. 1979) (ruling on a disparate impact

case after trial).  Other cases cited by Plaintiff do not address discovery of *government* practices,

and so are distinguishable.  *See, e.g., United States ex rel. Singh v. Bradford Reg'l Med. Ctr.*, 249

F.R.D. 220 (W.D. Pa. 2008); *MCI Worldcom Network Servs., Inc. v. Von Behren Electric, Inc.*,

No. Civ. A. 1:00CV3311JTC, 2002 WL 32166535 (N.D. Ga. May 21, 2002).

*United States v. N.Y. Metro. Transp. Auth.*, No. CV 2004-4237 (SLT) (MDG), 2006 WL

708672 (E.D.N.Y. Jan. 12, 2006) is also distinguishable.  In that case, the Eastern District of

New York deemed irrelevant the government's religious accommodations because the defendant

did not show factual similarities between it and the government agency, and the information was

not related to any other defense.  *Id.*  Here, Defendant has pointed to similarities between

Plaintiff's and Defendant's hiring practices, and the information at issue is related to Defendant's business necessity defense. *See* Def.'s Opp'n 8-10. Further, the Court is reluctant to rely on the unpublished decision of the District of Nebraska disallowing deposition testimony of EEOC policy in a religious discrimination case because the decision does not sufficiently explain why the deposition would seek irrelevant information, and the case involved a different underlying claim. *See EEOC v. JBS USA, LLC*, No. 8:10cv318, 2012 WL 169981 (D. Neb. Jan. 19, 2012).

II.   <u>Plaintiff Cannot Avoid a Deposition Because the Office of Personnel Management ("OPM") Aids Plaintiff with Its Hiring Process</u>

Plaintiff asserts that the Court should prohibit Defendant from taking a Rule 30(b)(6) deposition regarding Plaintiff's hiring procedures because Plaintiff does not formulate or conduct all of these hiring procedures. Pl.'s Mem. 14-16. Plaintiff states that "EEOC is subject to the requirements of 5 C.F.R. § 731, an OPM regulation that mandates" a particular hiring process. *Id*. Plaintiff further explains that it "does not conduct suitability investigations" during the hiring process – rather, agents of OPM conduct these investigations – and Plaintiff has "no authority to make suitability determinations." Pl.'s Mem. 14-15, *see also* Pl.'s Mem. Ex. 3 at 85-86, 124-25, 129-30, 161-62. However, Plaintiff does play a role in the process and seems to make the final determination as to whether an individual will be offered employment or remain employed by Plaintiff. Def.'s Opp'n Koerner Decl. at Ex. G at 89-92, 111-14, 134-35, 145-46, 163; *see also id*. at Koerner Decl. at Ex. O at 3 (Plaintiff's human resources department also creates and maintains appropriate suitability and personnel investigation programs for covered positions to "ensure that the employment of each person will promote the efficiency of the service."). Thus, even if Plaintiff uses OPM's federally mandated procedures, the facts show that Plaintiff is involved in the hiring process, and so Defendant's 30(b)(6) deposition of Plaintiff regarding its actual involvement in that process and the process itself would provide relevant information.

III.    <u>A Protective Order is Not Appropriate under Rule 26(b)(2)(C)</u>

Finally, Plaintiff argues that because a 30(b)(6) deposition would be "unduly burdensome, duplicative and interfere with agency functioning," Plaintiff should not have to submit to the deposition under Rule 26(b)(2)(C).  Pl.'s Mem. 3.  Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure states that a court must limit discovery if

> (i)     the discovery sought is unreasonably cumulative or
> duplicative, or can be obtained from some other source that
> is more convenient, less burdensome, or less expensive;
>
> (ii)    the party seeking discovery has had ample opportunity to
> obtain the information by discovery in the action; or
>
> (iii)   the burden or expense of the proposed discovery outweighs
> its likely benefit, considering the needs of the case, the
> amount in controversy, the parties' resources, the
> importance of the issues at stake in the action, and the
> importance of the discovery in resolving the issues.

Fed R. Civ. P. 26(b)(2)(C).  Thus, under this rule, "the simple fact that requested information is discoverable under Rule 26(a) does not mean that discovery must be had."  *Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 543 (4th Cir. 2004).

Plaintiff argues that allowing Defendant to take a 30(b)(6) deposition of Plaintiff would be duplicative under Rule 26(b)(2)(C) because Plaintiff was deposed on similar issues in 2011 in another case – *EEOC v. Kaplan Higher Educ. Corp.*, No. 1:10 CV 2882, (N.D. Ohio) – "and the transcript of that deposition is now a matter of public record."  Pl.'s Mem. 19.  However, Defendant did not participate in that deposition, and Defendant should not be required to rely on another party's deposition of Plaintiff in a different case in formulating a defense in this case.  Further, the record does not show that the deposition in *Kaplan* covered all of the same topics that Defendant seeks to cover in its deposition of Plaintiff.  *Compare Kaplan*, 2011 WL 2115878, at *1-2 (listing deposition topics, including EEOC's use of credit histories and

*background checks* in its hiring practices and the policies behind the use of that information) *and*

Def.'s Opp'n Koerner Decl. at Ex. G at 24-26 (showing that EEOC declined to provide

testimony on use of criminal histories in hiring during the *Kaplan* deposition) *with* Pl.'s Mem.,

Ex. 1 (listing deposition topics, including Plaintiff's use of credit histories *and criminal histories*

in its hiring process).  Hence, Plaintiff has not met its burden to show that this deposition would

be duplicative under Rule 26(b)(2)(C)(i).

Similarly, the Court is not convinced that a protective order is appropriate because,

purportedly, "information about the federal government's suitability procedures and criteria as

they relate to criminal history is already publicly available in the Code of Federal Regulations,"

as is other policy guidance on the "'legal standard' applicable to Title VII cases challenging an

employer's use of credit or criminal history as a selection procedure."  Pl.'s Mem. 23-25.  Again,

Defendant is entitled to depose Plaintiff on topics relevant to claims and defenses in this case,

and is not required to rely only on Plaintiff's public statements.  Additionally, Defendant seeks to

question Plaintiff regarding topics not necessarily discussed in the public domain, such as

information regarding the extent to which Plaintiff relies on a particular OPM memorandum "in

determining credentialing, suitability, and security clearance decision-making for [Plaintiff's]

employees, applicants, and contractors;" and information relating to Plaintiff's adjudicative

procedures for evaluating the criminal histories and financial records of applicants, employees,

and contractors.  Pl.'s Mem. Ex. 1.  Although not raised by Plaintiff, to the extent that Defendant

seeks to discover Plaintiff's non-public legal interpretations or other privileged information,

Plaintiff can object on the record during the deposition.  *See, e.g.*, *Greene v. Thalhimer's Dep't*

*Store*, 93 F.R.D. 657, 659 (E.D. Va. 1982) (describing the rules governing the common-law

executive privilege); *see also Jones v. Murphy*, 256 F.R.D. 510, 515 n.5 (D. Md. 2008) (citing to *Greene* as a source on the federal law of executive privilege).

Additionally, Plaintiff has not shown that the burden of allowing Defendant to take a 30(b)(6) deposition of Plaintiff would "outweigh[] its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. (26)(b)(2)(C)(iii). When a "party claim[s] that a discovery request is unduly burdensome," that party "must allege specific facts that indicate the nature and extent of the burden, usually by affidavits or other reliable evidence. A conclusory assertion of burden and expense is not enough." *Tucker v. Ohtsu Tire & Rubber Co., Ltd.*, 191 F.R.D. 495, 498 (D. Md. 2000) (citations omitted); *see also EEOC v. McCormick & Schmick's Seafood Rests.*, No. DKC-11-2695, 2012 WL 2577795 (D. Md. July 2, 2012) (requiring defendant to respond to discovery at issue in part because it failed to provide evidence of any actual burden that responding would impose). Rather than offering specific reasons or evidence as to why a 30(b)(6) deposition would impose undue burden, Plaintiff provides "conclusory assertion[s] of burden," *Tucker*, 191 F.R.D. at 498 – that deposing Plaintiff "would be unduly burdensome, . . . and interfere with agency functioning." Pl.'s Mem. 3, 14, 19, 20. This argument is insufficient to avoid a deposition under Rule 26(b)(2)(C).

## <u>CONCLUSION</u>

Based on the foregoing, the Court DENIES Motion I.  The Court additionally DENIES Motion II.  Under Local Rule 105.2(a), "[u]nless otherwise ordered by the Court, surreply memoranda are not permitted to be filed."  Local Rule 105.2(a).  A surreply "may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply."  *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003) (citation omitted).  In this case, Plaintiff did not raise any new matters in its Reply.  Rather, Plaintiff merely addresses issues that it previously discussed.  Because Plaintiff's Reply fails to raise any new issues, the Defendant does not need an opportunity to respond, and Motion II is denied.


August 14, 2012                                    _____/s/_____
                                                   Charles B. Day
                                                   United States Magistrate Judge


CBD/mkh/hms